# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD SHELLY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL DEFAULT SERVICING CORPORATION; SAXON MORTGAGE, INC. D/B/A SAXON HOME MORTGAGE; FIRST AMERICAN TITLE; STEWART MORTGAGE SERVICES; DOES I-X; ROES I-X, inclusive,<br><br>　　　　Defendants. | Case No.: 2:10-cv-00518-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Temporary Restraining Order–#6) |

Before the Court is Plaintiff Todd Shelly's *ex parte* **Motion for Temporary Restraining Order** (#6), filed July 27, 2010.

## BACKGROUND

Todd Shelly's lawyer, Jeffrey D. Conway, filed this Motion in an attempt to prevent the sale of Mr. Shelly's house at 4933 Gate Fall Court, Las Vegas, Nevada, in a non-judicial foreclosure proceeding scheduled for a date Mr. Conway does not specify. (In his Complaint, however, Shelly alleges the foreclosure sale was scheduled for April 13, 2010.) Shelly admits he is a party to a mortgage obligation and has lived in the house as his principal residence for several years, but does not state when he entered into the loan. In his Complaint and this Motion, Shelly alleges almost no specific facts about Defendants. But he does allege, "upon information and

1

1  belief," that "none of the Defendants ... were [*sic*] the lender, but were only middlemen performing
2  a service for a fee on behalf of a New York based entity which sold securities to raise the capital
3  for Plaintiff's loans." (Dkt. #1, Compl. ¶ 2.) This assertion is one of many made only "upon
4  information and belief" in the Shelly's Complaint, in which he claims that he has "no idea whom,
5  [*sic*] if anyone, is the true holder in due course (if there is one) of the note related to the
6  property[;]" and that none of the Defendants have standing in connection with the loan transaction
7  because they cannot "show the entire chain of title of the notes and the entire chain of title of the
8  deeds of trust." (*Id.* ¶¶ 24, 26.)

9        In his Complaint, Shelley alleges the following causes of action: (1)
10 misrepresentation and fraud by omission; (2) quiet title; (3) contractual breach of duty of good
11 faith and fair dealing; (4) tortious breach of the implied duty of good faith and fair dealing; (4)
12 civil conspiracy; (5) civil conspiracy; (6) civil RICO and racketeering; (7) unjust enrichment; (8)
13 fraud by obtaining signatures by false pretenses; and (9) declaratory relief. In the Motion before
14 the Court, Shelly requests an order "staying any and all foreclosure actions and any an all unlawful
15 detainer or eviction actions ... until such time as the merits of the case can be heard and
16 adjudicated by this Court." (Dkt. #6, Mot. 6.)

17       The Court is troubled by Las Vegas' ongoing foreclosure crisis and is sympathetic
18 towards Mr. Shelly and all others negatively affected by it. But for the reasons given below, the
19 Court concludes Shelly's Motion for a Temporary Restraining Order does not satisfy the standard
20 governing such relief, and denies the Motion.

21       **DISCUSSION**

22       In order to obtain a temporary restraining order or a preliminary injunction,
23 plaintiffs must establish that: (1) they are likely to succeed on the merits, (2) they are likely to
24 suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his
25 favor, and (4) an injunction is in the public interest. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015,
26 1021 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008)).

AO 72
(Rev. 8/82)

1   Shelly has failed to show he is likely to succeed on the merits on any of his causes
2   of action. Both his Complaint and this Motion are almost totally devoid of actual factual
3   allegations not made "upon information and belief," let alone facts that support the causes of
4   action he alleges and show a likelihood of success.

5   Under Rule 9(b) of the Federal Rules of Civil Procedure parties alleging fraud must
6   "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Pleading fraud
7   with particularity requires "an account of the time, place, and specific content of the false
8   representations, as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG,*
9   *LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *see also Morris v. Bank of Nev.*, 886 P.2d 454, 456 n.1
10  (Nev. 1994). Rule 9(b)'s heightened pleading standard applies to claims for fraud, intentional
11  misrepresentation, and negligent misrepresentation. *See G.K. Las Vegas Ltd. Partnership v. Simon*
12  *Prop. Group*, 460 F. Supp. 2d 1222, 1244 (D. Nev. 2006). Shelly has provided no such
13  particularity in his fraud claim, let alone showing in this Motion that he is likely to succeed on that
14  claim.

15  Shelly has also failed to show he is likely to succeed on their remaining causes of
16  action. His allegations are conclusory and speculative. To support this Motion, he does not even
17  provide the Court with a copy of the promissory note or the deed of trust, or any other evidence.
18  Shelly has not shown he is entitled to the relief he seeks.

19  **CONCLUSION**

20  Accordingly, and for good cause appearing,
21  IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining
22  Order (#6) is DENIED.
23  Dated: July 29, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

AO 72
(Rev. 8/82)

3